IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,077






EX PARTE LISA RENE KAY, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 9415565-A IN THE 230
TH JUDICIAL DISTRICT COURT


HARRIS COUNTY





 Per Curiam.

O P I N I O N





 This is a post-conviction application for writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of murder, and punishment was assessed at fifty years imprisonment. Applicant
appealed, and her conviction was affirmed. Kay v. State, No. 01-95-00380-CR (Tex. App.
- Houston [1st Dist.], delivered July 18, 1996, no pet.).

 Applicant contends, inter alia, that she was denied an opportunity to file a petition for
discretionary review because her appellate attorney did not timely notify her that her
conviction had been affirmed or that she could seek discretionary review pro se. The trial
court, based upon an affidavit from appellate counsel, recommended that relief be granted. 
The record reflects that Applicant did not receive timely notification that her conviction had
been affirmed or that she could file a petition for discretionary review from her conviction.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from her conviction in cause number 9415565 from
the 230th Judicial District Court of Harris County. Applicant is ordered returned to the point
at which she can file a meaningful petition for discretionary review. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, she must take affirmative steps to
see that her petition is filed in the Court of Appeals within thirty days of the date the mandate
of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997). Copies of this opinion shall be sent to the Texas Department of
Criminal Justice, Correctional Institutions, and Parole Divisions.


DELIVERED: January 26, 2005 

DO NOT PUBLISH